IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK HERRERA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| CRAGG'S DO IT BEST LUMBER | § | |
| & HOME CENTER; | § | SA-08-CV-0208 FB |
| BULVERDE POLICE DEPT.; and | § | |
| COMAL COUNTY, | § | |
| | § | |
| Defendants. | § | |

## SHOW CAUSE ORDER

The matters before the court are plaintiff Frank Herrera's request to proceed in forma pauperis[1] and his request for appointment of counsel.[2] In determining whether to permit a plaintiff to proceed in forma pauperis and whether to appoint counsel, the court must consider the merits of Herrera's claims.[3] Upon review of Herrera's motions and his proposed complaint, it appears that Herrera has failed to state a claim upon which relief may be granted. The purpose of this order is to direct Herrera to show cause why his case should not be dismissed.

Herrera styled his complaint as a civil rights lawsuit under 42 U.S.C. § 1983. In his proposed complaint, Herrera asserted that he was denied his Sixth Amendment right to counsel

---

[1] Docket entry # 1.

[2] Docket entry # 2.

[3] *See Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991) ("A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact.").

in Comal County, Texas. He further stated that he was denied the right to appeal and that he is currently on state probation. These complaints appear to challenge the validity of a state-court criminal conviction. Such claims are not cognizable in a civil rights lawsuit.[4] In addition, Herrera has named a private business as a defendant. Section 1983 provides for a private cause of action against a governmental entity, but not a private business. For these reasons, Herrera's civil rights lawsuit fails to state a claim upon which relief may be granted. Herrera may be able to pursue these claims in a different type of proceeding if his claims meets the applicable criteria.

A state probationer may seek relief seek habeas relief from a federal court for violation of a U.S. constitutional right under 28 U.S.C. § 2254.[5] A federal court may consider a petition under section 2254 if the probationer exhausts his state-court remedies.[6] To exhaust his state-court remedies, the probationer must present his claims to state court and provide the state court with an opportunity to pass on the merits of his claims.[7]

Herrera's complaint does not indicate whether he exhausted his state court remedies. Herrera's complaint doesn't confirm that he has been convicted. Consequently, the court requires additional information about Herrera's claims before it can consider his motions for in forma pauperis status and for the appointment of counsel. I ORDER Herrera to respond to this

---

[4]*See Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982) (when a lawsuit challenges the validity of a conviction, the lawsuit amounts to a habeas corpus action, not a civil rights lawsuit).

[5]*See Coronado v. U.S. Bd. of Parole*, 540 F.2d 216, 217 (5th Cir. 1976)(conditions of parole and probation sufficiently restrain an individual's liberty sufficient to constitute "custody" as condition for seeking federal habeas relief).

[6]*See* 28 U.S.C. § 2254(b)(1).

[7]*See Caldwell*, 679 F.2d at 497.

order in writing not later than **April 7, 2008** and explain why his motions should not be denied for failing to state a claim upon which relief may be granted.  **In responding to this order, Herrera should submit papers to support his claim showing that he was convicted in state court, he was denied the appointment of counsel, and he appealed his conviction.**  If Herrera fails to respond to this order by April 7, 2008, I will deny the pending motions and recommend to the district judge that this case be dismissed for failure to comply with a court order and for failure to prosecute.[8]

      **SIGNED** on March 24, 2008.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8] *See* FED. R. CIV. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").