IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK HERRERA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| CRAGG'S DO IT BEST LUMBER | § | |
| & HOME CENTER; | § | SA-08-CV-0208 FB |
| BULVERDE POLICE DEPT.; and | § | |
| COMAL COUNTY, | § | |
| | § | |
| Defendants. | § | |

TO:   Hon. Fred Biery
      United States District Judge

## MEMORANDUM AND RECOMMENDATION

This memorandum recommends dismissal of this case. Previously, the district judge referred to me plaintiff Frank Herrera's motion to proceed *in forma pauperis*[1] and motion for appointment of counsel.[2] In considering the motions, I observed that Herrera's proposed complaint did not appear to state a claim upon which relief may be granted. As part of my effort to ascertain whether *in forma pauperis* status and appointed counsel are appropriate, I issued a show cause order and directed Herrera to address deficiencies in his complaint.[3] Herrera responded to my show cause order and attempted to explain why he has stated a claim upon

---

[1] Docket entry # 1.

[2] Docket entry # 2.

[3] Docket entry # 3.

which relief may be granted,[4] but he failed to demonstrate that his claims are not frivolous.

### Failure to State a Claim Upon Which Relief May Be Granted

Section 1915(e) provides for *sua sponte* dismissal of an *in forma pauperis* proceeding if the court finds that the complaint "fails to state a claim upon which relief may be granted."[5] Similarly, it has been held that the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[6]

Herrera styled his complaint as a civil rights lawsuit under 42 U.S.C. § 1983. In his proposed complaint, Herrera asserted that he was denied his Sixth Amendment right to counsel in Comal County, Texas. He further stated that he was denied the right to appeal and that he is currently on state probation. Because these complaints appear to challenge the validity of a state-court criminal conviction, I directed Herrera to submit papers showing that he was convicted in state court, he was denied court-appointed counsel, and he appealed his conviction. Herrera responded with documents[7] showing: (1) Herrera was charged and convicted in state court of

---

[4] Docket entry # 4.

[5] 28 U.S.C.A. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(I) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Federal Rule of Civil Procedure 12(b)(6)).

[6] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[7] See docket entry #4.

theft by service, (2) the state trial judge found that Herrera was not entitled to a court-appointed attorney because he is not indigent, (3) the trial judge placed Herrera on probation, (4) Herrrera appealed the trial court judgment, and (5) the state court of appeals dismissed Herrera's appeal for failure to prosecute.

There are two reasons Herrera's complaint fails to state a claim upon which relief may be granted. First, Herrera's papers suggest that he challenges his state court conviction and sentence. Such a claim is not cognizable in a civil rights lawsuit[8] and Herrera's conviction has not been overturned.[9] Second, Herrera has named a private business as a defendant. Section 1983 provides for a private cause of action against a governmental entity, but not a private business. For these reasons, Herrera's civil rights lawsuit fails to state a claim upon which relief may be granted.

Herrera may be able to challenge his conviction and sentence in a habeas proceeding under 28 U.S.C. § 2254,[10] but he may not obtain the relief sought by his proposed complaint—$5 million in actual damages plus exemplary damages. Because he seeks money damages, no reason exists to construe the proposed complaint as an application for federal habeas relief.

---

[8]*See Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982) (when a lawsuit challenges the validity of a conviction, the lawsuit amounts to a habeas corpus action, not a civil rights lawsuit).

[9]*See Heck v. Humphrey*, 512 U.S. 477 (1994) ("In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

[10]*See Coronado v. U.S. Bd. of Parole*, 540 F.2d 216, 217 (5th Cir. 1976)(conditions of parole and probation which restrain an individual's liberty sufficient to constitute "custody" as condition for seeking federal habeas relief).

### Recommendation

Because Herrera's proposed complaint fails to state a claim upon which relief may be granted, I recommend: (1) DENYING Herrera's motion for leave to proceed in forma pauperis (docket entry # 1), (2) DENYING Herrera's motion for appointment of counsel (docket entry # 2), and (3) DISMISSING this case under section 1915(e).

### Instructions for Service and Notice of Right to Object/Appeal

The clerk of this court shall serve a copy of this memorandum and recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[11] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the undersigned magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[12] Additionally, failure to file timely written objections to the proposed findings,

---

[11] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[12] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[13]

**SIGNED** on April 3, 2008.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[13]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).